The Honorable Doyle Conner Commissioner of Agriculture The Capitol Tallahassee, Florida 32301
Dear Commissioner Conner:
This is in response to your request for an opinion on substantially the following questions:
 1. DO THE PROVISIONS OF CH. 681, F.S. (1984 SUPP.) LIMIT INFORMAL DISPUTE SETTLEMENT PROCEDURES TO A DETERMINATION AS TO WHETHER OR NOT A MOTOR VEHICLE CONFORMS TO APPLICABLE EXPRESS WARRANTIES?
 2. IF QUESTION 1 IS ANSWERED IN THE AFFIRMATIVE, IS THE MANUFACTURER REQUIRED TO OFFER THE CONSUMER THE OPTION OF EITHER A COMPARABLE OR REPLACEMENT VEHICLE OR THE REPURCHASE OF THE NONCONFORMING MOTOR VEHICLE, EXCLUSIVE OF ANY OTHER COURSE OF ACTION, WHEN THE INFORMAL DISPUTE SETTLEMENT PROCEDURE MECHANISM DETERMINES THAT A VEHICLE DOES NOT CONFORM TO AN APPLICABLE EXPRESS WARRANTY?
The Department of Agriculture and Consumer Services has a duty to designate at least one member of the informal dispute settlement panel referred to in s 681.108, F.S. (1984 Supp.), pursuant to that section. You state in your inquiry that the department is reluctant to do so unless the panel conforms to and functions according to the legislative intent of Ch. 681, F.S. (1984 Supp.), and according to the federal rule providing for such panels. Your inquiry further suggests that to the extent that panel decisions filed with the department's Division of Consumer Services show that such panels are not limiting their consideration to the issue of confornity to applicable express warranties but are instead ordering further repairs, modifications, extensions of warranty and, in effect, `sending the consumer back to the shop for yet another repair attempt . . . [t]his appears to subvert the intention of the legislature and to contravene the express provisions of the [Motor Vehicle Warranty Enforcement] Act.'
QUESTION ONE
The Motor Vehicle Warranty Enforcement Act, ss 681.10-681.108, F.S. (1984 Supp.), popularly known as the `Lemon Law,' sets forth the circumstances under which consumers may bring an action to obtain certain remedies where a motor vehicle does not conform to applicable express warranties. See, ss 681.104, F.S. However, s681.108, F.S. (1984 Supp.), provides in pertinent part as follows:
 If a manufacturer has established an informal dispute settlement procedure which complies with the provisions of 16 C.F.R. pt. 703, the provisions of s. 681.104 do not apply to any consumer who has not first resorted to such procedure.
See also, s 681.104(5)(a), F.S. (1984 Supp.), stating in relevant part that `[a]ny action brought under ss. 681.10-681.108 shall be commenced . . . in the event that a consumer resorts to an informal dispute settlement procedure as provided in s. 681.108, within 90 days following the final action of the panel.'
The Legislature has expressly declared its intent in enacting the Motor Vehicle Warranty Enforcement Act, as amended by Ch. 84-55, Laws of Florida, in s 681.101, F.S. (1984 Supp.), providing in part as follows:
 It is the intent of the Legislature that a good faith motor vehicle warranty complaint by a consumer be resolved by the manufacturer, or its agent, within a specified period of time. It is further the intent of the Legislature to provide the statutory procedures whereby a consumer may receive a replacement motor vehicle, or a full refund, for a motor vehicle which cannot be brought into conformity with the express warranty issued by the manufacturer.
These statutory procedures expressly condition the remedies enacted therein on resort to informal dispute settlement procedures which comply with the applicable provisions of 16 C.F.R. s 703 where a manufacturer of motor vehicles has established such procedures. Section 681.108, F.S. (1984 Supp.). This office has been further informed by counsel for the Division of Consumer Services that every major motor vehicle manufacturer doing business in Florida save one has established such procedures.
Generally, where a statute makes reference to other provisions of law, all such provisions must be examined together to ascertain the legislative intent. See, In re Opinion to the Governor,60 So.2d 321 (Fla. 1952). The Motor Vehicle Warranty Enforcement Act expressly conditions the availability of the remedies therein upon the consumer's prior utilization of informal dispute settlement procedures which comply with certain federal regulations without further specifying the scope of matters to be considered by such informal dispute settlement procedure panels; thus, any applicable limitations as to such procedures or the decisions of such panels must be gleaned from the pertinent provisions of the regulations, rather than from the Act itself. Cf., Batterton v. Francis,432 U.S. 416, 425-426 and n. 9 (1977) (`Legislative . . . regulations are `issued by an agency pursuant to statutory authority. . . . Such rules have the force and effect of law."); 15 U.S.C. ss 2309 and 2310 (authority for promulgation of regulations codified at 16 C.F.R. s 703 by Federal Trade Commission concerning warranty practices and remedies in consumer disputes).
Informal Dispute Settlement Procedures are set forth at 16 C.F.R. s 703. With respect to the decisions of the informal dispute settlement panels, 16 C.F.R. s 703.5(d) specifies as follows:
If the dispute has not been settled, the Mechanism shall . . .
 (1) Render a fair decision based on the information gathered as described in paragraph (c) of this section, and on any information submitted at an oral presentation which conforms to the requirements of paragraph (f) of this section (A decision shall include any remedies appropriate under the circumstances, including repair, replacement, refund, reimbursement for expenses, compensation for damages, and any other remedies available under the written warranty or the Act (or rules thereunder); and a decision shall state a specified reasonable time for performance);
 (2) Disclose to the warrantor its decision and the reasons therefor;
 (3) If the decision would require action on the part of the warrantor, determine whether, and to what extent, warrantor will abide by its decision; and
 (4) Disclose to the consumer its decision, the reasons therefor, warrantor's intended actions (if the decision would require action on the part of the warrantor), and the information described in paragraph (g) of this section. For purposes of this paragraph (d) a dispute shall be deemed settled when the Mechanism has ascertained from the consumer that:
 (i) The dispute has been settled to the consumer's satisfaction; and (ii) the settlement contains a specified reasonable time for performance.
(e.s.)
It clearly appears that 16 C.F.R. s 703.5(d)(1) permits the decision of the informal dispute settlement mechanism or panel to determine the appropriate remedies for the consumer in any given dispute. I perceive nothing in the express terms of the above rule that limits informal dispute settlement procedures to the mere determination as to whether or not a motor vehicle conforms to applicable express warranties, nor do I perceive anything in the expressed legislative intent stated in the Motor Vehicle Warranty Enforcement Act or in the statutory procedures enacted therein which purports to vary the terms of the above rule or to expressly or impliedly limit such settlement procedures with respect to the remedies which any particular panel may decide are appropriate.
Accordingly, your first question is answered in the negative.
QUESTION TWO
Since your first question is answered in the negative, it would not appear that a response is required to your second question by the terms of the question itself. Notwithstanding the form of your question, I would direct your attention to 16 C.F.R. s 703.5(j), which provides that `[d]ecisions of the Mechanism shall not be legally binding on any person' although such decisions `shall be admissible in evidence.' See also, s 681.108, F.S. (1984 Supp.). In light of the above it does not appear that the manufacturer would be required to offer the consumer the option of either a comparable or replacement vehicle or the repurchase of the nonconforming motor vehicle exclusive of any other course of action as the result of any decision of the panel. However, where a consumer has first resorted to informal dispute settlement procedures if s 681.108 applies, s 681.104(2), F.S. (1984 Supp.), states in mandatory terms that `the manufacturer shall give the consumer the option' of a comparable or replacement motor vehicle acceptable to the consumer or repurchase of the nonconforming motor vehicle from the consumer `after a reasonable number of attempts' to bring the vehicle into conformity with applicable express warranties. The statute presumes a reasonable number of attempts if `[s]ubstantially the same nonconformity has been subject to repair three or more times by the manufacturer or its agent, exclusive of the initial attempt by the manufacturer to repair the motor vehicle as provided for in subsection (1),' and such attempts have failed or `[t]he vehicle has been out of service by reason of the repair of one or more nonconformities by the manufacturer, or its agent' for a specified period of time. Section 681.104(3), F.S. (1984 Supp.). Thus, s 681.104(2) appears to require certain action by the manufacturer irrespective of the decision of any informal dispute settlement procedure resorted to by the consumer provided only that the manufacturer or its agent `cannot conform the motor vehicle to any applicable express warranty by repairing or correcting any default or condition which impairs the use, market value, or safety of the motor vehicle to the consumer. . . .' By the express terms of s 681.104(5)(a), F.S. (1984 Supp.), the Legislature has provided that the remedy for the manufacturer's failure to abide by the above requirement is an action enforcing such requirement brought by the consumer `within 90 days following the final action of the panel' if s 681.108, F.S. (1984 Supp.) applies.
Thus, while it appears that a manufacturer is not required to offer the consumer the option of either a comparable or replacement vehicle or the repurchase of the nonconforming motor vehicle as the result of a decision by the informal dispute settlement procedure mechanism or panel, the provisions of s681.104(2) and (3), F.S. (1984 Supp.), grant certain rights to consumers which may be enforced in an action brought within 90 days of final action of an informal dispute settlement procedure panel, if applicable, pursuant to s 681.104(5)(a) and s 681.108, F.S. (1984 Supp.).
In summary, then, unless and until legislatively clarified or judicially determined otherwise, I am of the opinion that the provisions of Ch. 681, F.S. (1984 Supp.), when read together with 16 C.F.R. s 703.5(d), do not operate to limit informal dispute settlement procedures to a determination as to whether or not a motor vehicle conforms to applicable express warranties. While it appears that a manufacturer is not required to offer the consumer the option of either a comparable or replacement vehicle or the repurchase of the nonconforming motor vehicle, exclusive of any other course of action, as the result of a decision by the informal dispute settlement procedure panel where s 681.108, F.S. (1984 Supp.), applies, the provisions of s 681.104(2) and (3), F.S. (1984 Supp.), grant certain rights to consumers which may be enforced in an action brought within 90 days of final action of an informal dispute settlement procedure panel.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General